IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOSEPH LOUIS FOLKS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 12-1568-GMS |
| | ) | |
| PERRY PHELPS, Warden, and | ) | |
| ATTORNEY GENERAL OF | ) | |
| THE STATE OF DELAWARE, | ) | |
| | ) | |
| Respondents. | ) | |

**MEMORANDUM**

**I. BACKGROUND**

On February 18, 1993, a Delaware Superior Court jury convicted Joseph Louis Folks of two counts of first degree unlawful sexual intercourse with a ten year old girl. *See State v. Folks*, 1997 WL 528281 (Del. Super. Ct. Aug. 11, 1997). He was sentenced to fifteen years of Level V incarceration on the first count. On the second count, he was sentenced to twenty years at Level V, suspended after fifteen years for five years at Level III, suspended after six months for four years and six months at Level II. Folks' convictions and sentences were affirmed on direct appeal. *Id.*

Folks filed his first habeas petition in this court in 1998, which the Honorable Roderick R. McKelvie denied in 1999. *See Folks v. Snyder*, Civ. A. 98-508-RRM, Order (D. Del. Dec. 1, 1999).

In November, 2012, Folks filed a second petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("petition"). (D.I. 2; D.I. 4) Folks' largely incomprehensible petition asserts that no court in the United States has jurisdiction to convict him because he is a "Moorish

American National" with sovereign rights. (D.I. 2 at 3) Thus, he contends that his state conviction is illegal, and he asks the court to release him from state custody. *Id.* In his memorandum, Folks contends that his procedural default of the ineffective assistance of counsel claims raised in his first petition should be excused pursuant to *Martinez v. Ryan*, ___ U.S. ___, 132 S.Ct. 1309 (2012).

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2244(b)(1), if a habeas petitioner erroneously files a second or successive habeas petition "in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002). A habeas petition is classified as second or successive within the meaning of 28 U.S.C. § 2244 if a prior petition has been decided on the merits, the prior and new petitions challenge the same conviction, and the new petition asserts a claim that was, or could have been, raised in a prior habeas petition. *See Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005); *In re Olabode*, 325 F.3d 166, 169-73 (3d Cir. 2003).

## III. DISCUSSION

The instant petition is Folks' second request for habeas relief with respect to his 1993 convictions and sentences. Folks' first federal habeas petition was denied as procedurally barred, which constitutes an adjudication on the merits.[1] *See Hernandez v. Diguglielmo*, 2005 WL

---

[1] *See Graham v. Costello*, 299 F.3d 129, 133 (2d Cir. 2002)(procedurally defaulted claims "can never establish a basis for habeas relief"); *see also Hawkins v. Evans*, 64 F.3d 543, 547 (10th Cir. 1995)(where court held that, pre-AEDPA, the denial of a claim due to procedural default is a determination on the merits for the purpose of deciding whether a second habeas petition is successive); *Howard v. Lewis*, 905 F.2d 1318, 1322-23 (9th Cir. 1990)(same); *Shaw v. Delo*, 971

331734, at *2 (E.D. Pa. Feb. 10, 2005)(collecting cases); *Rauso v. Pennsylvania Board of Probation & Parole*, 2004 WL 1126283, at *1 (E.D. Pa. May 20, 2004)(in denying petitioner's § 2244 motion for leave to file a second or successive habeas petition, the "Third Circuit noted that the prior habeas petition had been dismissed for procedural default and that procedural default is a dismissal on the merits for purposes of requiring leave to file an application to file a second or successive habeas petition."). Furthermore, Folks could have asserted the instant "lack of jurisdiction/Moorish-American nation" argument in his first petition. For these reasons, the court concludes that the instant petition constitutes a second or successive habeas petition within the meaning of § 2244.

Folks attempts to avoid the second or successive bar by arguing that the *Martinez* decision constitutes a "new rule of constitutional law" for § 2244(b)(2)(A) purposes. This argument is unavailing. Simply stated, whether or not *Martinez* triggers the § 2244(b)(2)(A) exception to the second or successive bar is an issue that must be determined by the Third Circuit Court of Appeals, and not by this court.

Finally, the record reveals that Folks did not obtain permission from the Third Circuit Court of Appeals before filing his pending habeas request. Accordingly, the court will dismiss the instant unauthorized second or successive petition for lack of jurisdiction. *See* 28 U.S.C. § 2244(b)(1); *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002)(holding that when a second or successive habeas petition is erroneously filed "in a district court without the permission of the court of appeals, the district court's only option is to dismiss the petition or transfer it to the court

---

F.2d 181, 184 (8th Cir. 1992)(discussing bar on consideration of successive petitions); *Harvey v. Horan*, 278 F.3d 370, 379-80 (4th Cir. 2002).

3

of appeals pursuant to 28 U.S.C. § 1631.").

The court will also decline to issue a certificate of appealability because Folks has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997).

## IV. CONCLUSION

For the aforementioned reasons, the court will deny Folks' § 2254 petition for lack of jurisdiction because it constitutes an unauthorized second or successive habeas petition under 28 U.S.C. § 2244. A separate order will be entered.

Nov. 18, 2013
DATE

CHIEF, UNITED STATES DISTRICT JUDGE